IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTRAL LABORERS' PENSION WELFARE AND ANNUITY FUNDS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 20-cv-380-RJD |
| EDWARDS KAMADULSKI, LLC and KEVIN EDWARDS, | ) ) ) ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendant Kevin Edwards' Motion to Vacate Entry of Judgment[1] (Doc. 43). For the reasons set forth below, Defendant's Motion is **GRANTED**.

Plaintiffs filed this action against Defendants Edwards Kamadulski, LLC and Kevin Edwards pursuant to the Employee Income Security Act of 1974 seeking payment for certain contributions allegedly owed to Plaintiffs by Defendants.

A summons was returned executed by Defendant Kevin Edwards on July 6, 2020 and his answer was due on July 27, 2020 (Doc. 14). No answer was filed. A clerk's entry of default against Defendant Kevin Edwards was entered on August 11, 2020 (Doc. 16). Plaintiffs filed a motion for default judgment on October 26, 2020 that was denied without prejudice on April 14, 2020 (Docs. 18-20). A subsequent motion for default judgment was filed on December 10, 2021 and remains pending (Doc. 35). On December 17, 2021, Defendant Edwards filed motion for

---

[1] Defendant Edwards Kamadulski, LLC is identified as a movant in the first paragraph of the Motion to Vacate Entry of Judgment. However, at the August 15, 2022 motion hearing, counsel clarified that the motion was brought only on behalf of Defendant Kevin Edwards.

leave to file an answer out of time (Doc. 38).   The motion was denied without prejudice on June 23, 2020 due to the entry of the Clerk's default against him.

Defendant Edwards filed the motion now before the Court on August 10, 2022.   In the motion to vacate, counsel for Edwards explains that after filing an entry of appearance, counsel filed a motion to answer out of time and inadvertently overlooked the Clerk's default entered on August 11, 2020, reviewing instead the Court's denial of Plaintiff's motion for default judgment. Edwards asks that the Clerk's entry of default be set aside as Plaintiffs have not been prejudiced due to his failure to file an answer and asserting he has meritorious defenses as he is not in control of Defendant Edwards Kamadulski, LLC, and has not been for several years.

The Court took up this motion at the hearing on August 15, 2022.   Plaintiff asserted an objection to the motion.

Federal Rule of Civil Procedure 55(c) provides that the court may set aside an entry of default for good cause.   The Seventh Circuit has remarked that in order to vacate an entry of default, the moving party must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint."   *Cracco v. Vitran Express., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (internal quotations omitted).

Here, the Court finds that Defendant Edwards has shown good cause for his default. Counsel explains that he failed to file a timely answer due to an inadvertent error that overlooked the Clerk's entry of default.   Edwards also acted quickly in seeking to correct the mistake, filing a motion to file an answer out of time soon after Plaintiffs filed the pending motion for default judgment.   Finally, the Court finds that denying Edwards' motion to vacate the entry of default would undermine the notion that cases should be decided on the merits.

For these reasons, Defendant Kevin Edwards' Motion to Vacate Entry of Judgment (Doc.

43) is **GRANTED**.   The Clerk's entry of default entered against Kevin Edwards on August 11, 2020 (Doc. 16) is **VACATED**.

Defendant Edwards shall file his answer to Plaintiff's complaint by **August 19, 2022**.

**IT IS SO ORDERED.**

**DATED: August 16, 2022**

*s/  Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**
