IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTRAL LABORERS' PENSION WELFARE AND ANNUITY FUNDS,<br><br>Plaintiff,<br><br>v.<br><br>EDWARDS KAMADULSKI, LLC and KEVIN EDWARDS,<br><br>Defendants. | Case No. 20-CV-00380-RJD-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court on Plaintiffs' Motion for Default Judgment against Defendants Edwards Kamdulski, LLC and Kevin Edwards (Doc. 35). Defendants were served with summons and a copy of the complaint on July 6, 2020, and their answers were due July 27, 2020 (Doc. 13, 14). Defendants did not file an answer or otherwise respond to the complaint by the deadline. The Clerk of Court entered default as to Defendants Kevin Edwards and Edwards Kamadulski, LLC pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on August 11, 2020 (Doc. 16). Plaintiffs subsequently filed the motion for default judgment now before the Court (Doc. 35). Following the filing of Plaintiffs' motion for default judgment, Defendant Kevin Edwards sought to vacate the Clerk's entry of default against him and file an answer, which the Court allowed. Defendant Kevin Edwards filed an answer on August 23, 2022 (Doc. 48). Defendant Edwards Kamadulski, LLC has not filed an answer, nor entered any appearance in this case.

At this juncture, if Edwards Kamadulski, LLC was the only defendant, default judgment would be appropriate. However, Kevin Edwards is also a named defendant and based on the posture of the case, default judgment against this defendant is not warranted. In light of *Frow v. De La Vega*, 82 U.S. 552 (1872) and the numerous cases that follow, an entry of default judgment against Edwards Kamadulski, LLC is prohibited while the case remains pending against Kevin Edwards. Said prohibition is necessary in this instance to avoid incongruous judgments, which would be conceivable as the allegations against Defendants are practically identical, as is the request for damages. *See In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1262 (7th Cir. 1980) ("If damages are entered against the defaulters now, and [the plaintiff] subsequently prevails on the merits against the answering defendants, damages would then have to be determined as to the answering defendants. The possibility of two distinct determinations as to the damages arising out of a single price-fixing claim is, indeed, an inconsistency.").

For these reasons, Plaintiffs' Motion for Default Judgment (Doc. 35) is **DENIED without prejudice**.

    **IT IS SO ORDERED.**

    DATED:  August 30, 2022

*s/ Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge
